OPINION
Defendant-appellant, Brian D. Brewer, pled guilty to sexual battery and gross sexual imposition on December 20, 1994. Brewer was sentenced to one two-year prison term (sexual battery) and one eighteen-month prison term (gross sexual imposition) to be served consecutively. Brewer was released from prison on January 13, 1997. On February 26, 1997, following a "post-release classification hearing," the Clermont County Court of Common Pleas determined that Brewer is a sexual predator under R.C. Chapter 2950. Brewer appeals his adjudication as a sexual predator.
In his first assignment of error, Brewer complains that the trial court lacked jurisdiction to classify him as a sexual predator because he had already been released from prison when the classification hearing took place. Although it is troubling to do so, this court must agree.
R.C. Chapter 2950 sets forth the procedures for classifying an offender as a sexual predator. One class of offenders that may be so adjudicated are offenders who pled guilty to a sexually oriented offense[1] prior to January 1, 1997, were not sentenced on or after January 1, 1997, and were serving a term of imprisonment on or after January 1, 1997. See R.C. 2950.09(C)(1) and 2950.01(G)(3). For this category of offenders, the department of rehabilitation and correction ["DRC"] must determine "prior to the offender's release" from prison whether to recommend that offender be adjudicated as a sexual predator. R.C. 2950.09(C)(1). If the DRC determines that it will recommend that the offender be adjudicated as a sexual predator, it is required to send its recommendation to the court that sentenced the offender. Id. The trial court is not bound by the DRC's recommendation. The court may conduct a hearing to determine whether the offender is a sexual predator, or deny the recommendation and determine that the offender is not a sexual predator. R.C. 2950.09(C)(2).
As an initial matter, we observe that nowhere in R.C. Chapter 2950 is it expressly stated that the sexual predator classification hearing must take place prior to the inmate's release from prison or not at all. However, after a careful review of R.C. Chapter 2950, we must conclude that the legislative scheme appears to assume that pre-release classification will occur. Several sections of the statute impose a duty on the offender or on law enforcement officials that is contingent upon the adjudication being made before the imprisoned offender is released. Offenders who, like Brewer, were serving a prison term at the time the statute went into effect, are defined to be "adjudicated as being a sexual predator" if the trial court makes its determination "prior to the offender's release from imprisonment." R.C. 2950.01(G)(3). (Emphasis added.) The registration provisions[2] also support this position. See, e.g., R.C. 2950.03(A)(1) ("[the official in charge of the prison] shall provide the notice [of a duty to register] to the offender at least ten days before the offender is released * * * from the prison term"); R.C. 2950.05(A)(1) (an offender who was serving a prison term when the statute went into effect is required to register with the county sheriff within seven days of coming into the county where he will reside, suggesting that sexual predator classification has occurred prior to the offender's release); R.C. 2950.07(A)(1) (for offenders who were serving a prison term when the statute went into effect, the duty to register commences on the date of the offender's release from prison) (Emphasis added.). R.C. 2950.09(D)(1)(a) provides that an offender who is classified as a sexual predator prior to release may file a petition asking the court to determine that he is no longer a sexual predator "one year prior to the offender's release from imprisonment." Finally, the statement of legislative intent suggests that pre-release classification serves the public interest: "If the public is provided adequate notice and information about sexual predators * * * [i]t can develop constructive plans to prepare * * * for the sexual predator's * * * release from imprisonment * * *." See R.C. 2950.02(A)(1). (Emphasis added.)
Having concluded that R.C. Chapter 2950 provides only for prerelease classification, we must express our exasperation at the limits of the statute. As a practical matter, true sexual predators who have avoided classification merely because they were released without a hearing present no less of a threat to society than those sexual predators who are classified prior to release. We are constrained to follow the statutory scheme and must, therefore, sustain the first assignment of error.
Appellant's remaining two assignments of error challenge the constitutionality of the retroactive application of R.C. Chapter 2950 under the Ex Post Facto Clause of the federal constitution and the Retroactivity Clause of the state constitution. In light of our decision in the first assignment of error, these remaining assignments of error are rendered moot. We note, however, that in State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, we upheld the constitutionality of R.C. Chapter 2950 in the face of similar arguments.
Judgment reversed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] "Sexually oriented offense" is defined to include R.C. 2907.03
(sexual battery) and R.C. 2907.05 (gross sexual imposition). See R.C. 2950.01(D)(1).
[2] R.C. Chapter 2950 requires offenders who are classified as sexual predators to register with local law enforcement officials in the county where the offender will reside. See R.C. 2950.04.